ATKINSON IMPROVEMENT COMPANY *v.* NAKDIMEN.

Opinion delivered March 5, 1923.

1. APPEAL AND ERROR—FORMER OPINION AS LAW OF THE CASE.—An opinion on a former appeal in a case is binding on all the parties on a new trial and in the Supreme Court on a subsequent appeal.

2. APPEAL AND ERROR—CONSTRUCTION OF OPINION ON FORMER APPEAL. —The opinion of this court on a former appeal should be construed in the light of the facts there stated and the directions therein contained.

3. CONTRACTS—VALUE OF ELEVATOR SERVICE.—Under an agreement for the joint use of the elevator, stairway and lobby of a building in connection with an adjacent building about to be erected and for the joint use of the elevator of the new building, which agreement provided for a stipulated monthly rent for a term of 10 years, and for a renewal and for an arbitration as to the rental payable for the next 10 years, on the owners of the new building refusing to arbitrate, *held* that the court should determine the rental payable for such period, taking into consideration the whole premises, including the elevator, and in doing so should give weight to the value fixed by the parties originally, though such valuation is not controlling.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; modified.

*Hill & Fitzhugh,* for appellant.

*Warner, Hardin & Warner,* and *James B. McDonough,* for appellees.

SMITH, J. This is the second appeal in this cause, and reference is made to the opinion on the former appeal for a full statement of the facts and issues. *Nakdimen* v. *Atkinson Improvement Co.,* 149 Ark. 448.

The litigation arose out of the interpretation of a lease which the parties hereto had entered into, and that contract, which was in writing, is set out in full in the former opinion. The facts essential to an understanding of the issues presented on this appeal may be briefly summarized as follows. The Atkinson Improvement Company, hereinafter referred to, for brevity, as the company, owned a building in the city of Fort Smith, and Nakdimen owned a lot adjacent thereto, and, desir-

ing to erect a building on his lot, he entered into the contract referred to above, whereby the Nakdimen building should be so constructed that the tenants of the two buildings might make common use of the lobby, stairway and hallways of the company's building, and of the elevator in that building, and also of the elevator which was to be installed in the Nakdimen building. Nakdimen sold an interest in the building to certain associates, who were made parties to the former case, and we use his name to include his associates.

Under the contract as construed in the former opinion, the original lease covered a period of ten years, with the reciprocal privilege of a renewal for another ten-year period. Nakdimen construed the contract as being a lease for a ten-year period only, and at the expiration of that time declared the contract at an end and refused to operate the elevator in his building. The company took the position that the contract was one in perpetuity, and sought to obtain a decree compelling its specific performance by Nakdimen. We held that the contract was not one which the court would compel the parties to specifically perform, but we also held that, as the contract had not expired damages would be awarded for its breach, and the court would fix the rental value, as the parties had failed to do so, under a provision of the contract quoted later.

The lease contract provided that Nakdimen should pay the company $25 per month during the entire ten year period as rent for the privilege and concession there granted. It also provided "that at the expiration of said period of ten years, the rental to be paid by the party of the first part to the party of the second part for the concession and privilege herein granted, as herein granted, as herein set out, shall be fixed by a board of arbitrators, three in number, one to be named by each of the parties hereto, and the third to be selected by the two so named by the parties hereto, and that the award of any two of said arbitrators shall be final and conclusive upon the parties hereto."

The company alleged in its complaint that Nakdimen had refused to name an arbitrator as required by the section of the contract quoted, and was refusing to operate the elevator in his building, and there was a prayer that the court fix the rental value of the premises and damages for failure to operate the elevator.

The case presented to us, as we viewed it, was that the parties were making joint use of the premises as the contract contemplated they should do, but the provision of the contract determining the rent to be paid by Nakdimen had expired by the limitation of the contract, and Nakdimen had failed to comply with the stipulation in regard to the appointment of arbitrators, to determine that question, and, in addition, he was also refusing to operate the elevator in his building as the contract required him to do.

At the time of the rendition of our opinion on the former appeal, it appears that Nakdimen, after having suspended the operation of his elevator from September, 1920, to April, 1921, had resumed its operation under an agreement that he should not be prejudiced thereby in the assertion of what he regarded as his rights and obligations under the contract. We were not advised that the elevator was being operated, and, as it was held that the court would not decree specific performance of the requirement that Nakdimen operate his elevator, we directed the court to find damages for this breach of the contract. The court made a finding assessing the damages for failing to operate the elevator during the time its operation was suspended, and neither party complains of this finding.

The court below interpreted our opinion on the former appeal as directing him to find the rental value of the stairway and lobby of the company building, and in determining the rental value the court took into account nothing else. Much testimony was offered of the rental value of the hallways and elevator in the company building, but the court refused to take any of this testimony into account, for the reason, as stated, that

the court was of the opinion that the rent was to be fixed only on the stairway and lobby.

The opinion on the former appeal, in which the contract was construed, is the law of the case, and is binding on all parties, and ourselves as well. We need not, therefore, inquire what the contract meant, as the decision of the questions presented on this appeal depends upon the interpretation of the former opinion, in which we construed the contract and gave directions to the trial court as to the rights of the parties thereunder.

The opinion is, of course, to be construed in the light of the facts there stated and of the directions there contained. After holding that the court below had erred in granting specific performance of the contract requiring the Nakdimen elevator to be operated, we said that upon the remand of the cause it would be the duty of the court to settle the damages which resulted to the company from the breach of the contract by Nakdimen. We also said that, in fixing the damages to be allowed the company for the breach of the contract by Nakdimen, it would be necessary for the court to consider and fix the rental value of the "premises." The court below had fixed the rental value at $25 per month; but we directed a new finding to be made on that question and gave both parties permission to take additional testimony, and this privilege was very freely used, as we have an additional record as large as the original record.

The former opinion contained this direction to the court below: "It will be the duty of the court upon the remand of the present case to fix the amount of damages suffered by appellee (the company) by the breach of the contract upon the part of appellants (Nakdimen), and, inasmuch as it will be necessary for the court to know the rental value of the premises for the renewal period of ten years in fixing the damages, it will be necessary for the court to fix the rental value for the elevator service, for the reason that appellants refused to proceed under the arbitration clause looking to that end, as above stated."

An elaborate opinion was prepared by the chancellor, and, after making it perfectly plain that he had taken into account only the rental value of the stairway and lobby of the company building, he fixed the rental value thereof at $25 per month. It appears from the opinion of the court below that he reached this conclusion because, as he interpreted the contract, rent was to be paid only on the stairway and lobby, and he was evidently controlled, in a large measure, in fixing the rental value, by the fact that the parties, when contracting in regard to the rental for a period of ten years, fixed $25 per month as the rental to be paid.

We think the court below did not correctly interpret the opinion. Our direction was not to fix the rental value of the stairway and lobby only but "to consider and fix the rental value of the premises." It is true that we gave no specific direction to take into account the elevator service rendered by the company building in fixing the rent. One reason for this omission is that the elevator was a part of the "premises," and was included in that designation. The second reason was the fact, as it then appeared to us, that Nakdimen was not operating his elevator, and we had refused to compel him to do so. This refusal imposed upon the company elevator the service which the parties contemplated the two elevators should perform. Nakdimen had breached his contract, as we found, and this breach was to be compensated by way of damages. The other privileges conferred by the contract, such as the use of the stairway, lobby and hallways, were being jointly used by the parties as the contract contemplated, and the value of these privileges was to be considered in determining the rental value.

The Nakdimen elevator is now being operated, and the parties are getting what they mutually contracted for originally. It appears the parties then contemplated there would be a difference of opinion as to the rental value after the ten year period, for they provided for an arbitration of that question without requiring the parties to first consider it.

The reciprocal privileges for the ten-year period were identical with those for the first ten-year period, and "the rental to be paid by the party of the first part to the party of the second part for the concession and privilege herein granted, as herein set out," was the matter which the contract provided the arbitrators should determine, but, as Nakdimen failed and refused to name an arbitrator, as there provided, it became the duty of the court to make the finding which the arbitrators should have made, and the direction given to the court below was to make this finding after compensating the company for Nakdimen's refusal to operate his elevator.

As we have said, the court below was largely controlled, in fixing the rent at $25 per month, by the fact that the parties had themselves fixed it at that amount, and it is insisted that we, too, should reach the same conclusion, for the reason that conditions have not substantially changed since the execution of the contract, and the parties were the best judges of the reciprocal value of the contract to each other.

The fact mentioned is, of course, very significant, but it is not controlling. It now appears that the company elevator carries ninety-seven per cent. of the traffic, with the consequent cost of its operation, which the owners of that building must pay. This results chiefly from the more convenient location of the company elevator, and from the fact that it is more modern. In other words, it now appears that the company is largely furnishing the elevator service which the contract contemplated should be jointly furnished.

The testimony developed this and other facts which the numerous witnesses mentioned in testifying as to the rental value of the contract to Nakdimen. This testimony is voluminous and in many respects conflicting. This might well be expected, as the basis of most of it is the opinion of the witnesses as to rental value. No useful purpose would be served by setting this testimony

out. We have had much difficulty in determining what the fair rental value is as shown by the testimony, and after carefully considering this testimony and reconciling our own views in regard to it, we have concluded that the rental value should be fixed at $33.33 per month, and the decree of the court below will be modified to accord with that view.